MEMPHIS & CHARLESTON RAILROAD COMPANY vs. C. A. GREEN.

1. RAILROADS : *Common carriers. Liability for damages. Negligence. Case in judgment.*
   G. purchased of the M. & C. R. R. Co. a ticket entitling him to passage on the train from S. to C. He was at the depot at train time, as indicated by the schedule. The train ran sixty yards beyond the platform, halted only a moment, not long enough to afford time to get aboard. A freight train arrived at eight A. M., same day, and conveyed him to C. No damages were proved except disappointment, delay, and inconvenience. The jury found a verdict for $1,500 for plaintiff. *Held,* that this verdict was excessive; that

punitive damages will not be allowed in the absence of any circumstances of malice, oppression, insult, personal injury, damages to business, mental or physical suffering, although something more than actual damages may be awarded against common carriers, by way of punishment for neglect of duty and protection to the public.

Error to the Circuit Court of *Alcorn* County.

Hon. B. B. Boone, Judge.

The facts in this case and the assignments of error are fully set out in the opinion of the court.

*F. E. Whitfield*, for plaintiff in error:

Defendant in error is only entitled to expenses in getting to his destination by other conveyances, and damages for delay and inconvenience and pecuniary loss incurred. Chitty on Car., 311; 2 Greenl. on Ev., 228; Theobald *v.* R. W. Ins. Co., 26 Eng. L. & Eq., 438. Some early Mississippi cases have carried the doctrine to the extent of oppression. It is worthy of remark that cases Heim *v.* McCaughan, 32 Miss., 19, and Hurst's case, 36 Miss., 660, which are cited as doubtful in Redfield on Car., § 414, and severely criticised in Sedgwick on Damages, and this court in Statham's case, 42 Miss., 60, are the only ones cited by any text-writer to sustain the proposition in them decided. As to the rule laid down by this court for the measure of damages, see, N. O., J. & G. N. R. R. Co. *v.* Statham, 42 Miss., 611; S. R. R. Co. *v.* Hendrix, 40 Miss., 389.

The court will set aside a verdict which awards excessive damages. M. & C. R. R. Co. *v.* Blakely, 43 Miss., 225.

The character of the conductor was a proper subject of inquiry. See V. & J. R. R. Co. *v.* Patton, 32 Miss., 194, and 1 Greenl. on Ev., § 54.

Punitive damages cannot be given in Mississippi for injuries committed in Tennessee, since such damages are given only as a punishment. See 3 Bl., 118; Comyn's Digest, "Action," p. 243; Austin *v.* Wilson, 4 Cush., 275; Smithwick *v.* Ward, 7 Jones, 64; Whiteford *v.* Panama R. R. Co., 23 N. Y., 465.

*A. H. Handy*, for defendant in error:

It is clear, and without question, that the defendant, through

its conductor, violated the obligation to which it was bound by contract with plaintiff, to stop at the regular depot and platform and permit him to take his seat on the train. To avoid the liability thereby incurred, various matters were attempted to be given in evidence on the trial, by way of excuse or justification, the rejection of which is assigned for error. Heim v. McCaughan, 32 Miss., 19, 49, 50.

Under the circumstances in the case the jury might give exemplary damages according as they might estimate the grievance suffered, resting for the most part in the judgment of the jury, and, whatever may be the views or speculations of text-writers, the doctrine is well settled in this state. S. R. R. Co. v. Hendrix, 40 Miss., 390 ; Bell v. Morrison, 27 Miss., 80 ; Vicksburg R. R. v. Patton, 31 Miss., 156 ; N. O. R. R. v. Hurst, 36 Miss., 660 ; Heim v. McCaughan, 32 Miss., 19 ; M. & C. R. R. v. Whitfield, 44 Miss., 482.

It is not necessary to prove the intention to do the wrong ; that is presumed from the act itself. See 31 Miss., 198 ; 41 Eng. C. L., 29.

As to the damages being excessive, this is generally a matter exclusively for the jury, especially in cases involving bodily suffering, distress, or hardship in the feelings of the party aggrieved, and the like ; and unless the damages assessed are so extravagant as to induce the suspicion of improper conduct on the part of the jury, the verdict will not be disturbed on this ground, *especially in the appellate court, and when the court below has refused to interfere with it on motion to set it aside on that ground.* 27 Miss., 86 ; 36 ib., 666 ; 1 Wash. C. C., 152.

Tarbell, J., delivered the opinion of the court.

C. A. Green purchased a ticket at Saulsbury, Tenn., entitling him to a conveyance, on the cars of the M. & C. R. R. Co., thence to Corinth, Miss. The then next passenger train was due at Saulsbury about half-past four A. M., at which hour the plaintiff in the action was at the depot of the company

ready to take passage. The train, however, ran about sixty yards beyond the platform, where it momentarily halted, and then proceeded on its way, without affording the plaintiff an opportunity to get on board. The next conveyance was a freight train, about eight o'clock the same morning, on which the plaintiff was transported to Corinth. Thereupon this action was instituted. The jury returned a verdict of $1,500 for plaintiff, and the company prosecuted this writ of error.

The following are assigned as errors:

1. In permitting plaintiff to give in evidence that he was attended by his granddaughter.

2. In not permitting defendants to show that the train was behind time.

3. In not permitting the conductor to testify that he came out at the station to see whether there were any passengers to take the train.

4. In not permitting the conductor to testify whether it was exceedingly unusual for passengers to take that train at that depot.

5. In not permitting defendant to prove that there were other passenger trains each day in the direction plaintiff wished to go.

6. In not permitting the conductor to explain why he went ahead and did not back to the platform.

7. In not permitting the conductor to testify that he did not see the plaintiff.

8. In not permitting defendant to prove that Saulsbury platform was towards the bottom of a very steep grade, down which the train approached the station.

9. In not permitting the conductor to testify that he approached Saulsbury running very fast to make up lost time.

10. In not permitting the brakeman to testify that he told the conductor as to passengers at the depot.

11. In not permitting defendant to prove the good character of the conductor.

12. In giving plaintiff's 1st charge.

13. In refusing to allow defendant to introduce the time-table and schedule, to show that the train was behind time.

This action between individuals would be one simply of a breach of contract. There is no evidence of injury to the person or feelings of plaintiff, nor damage to his business or family. His family was not shown to be ill, nor that his business suffered by his delay. No malice, oppression, or insult was proved to have entered into the failure of the train to stop at the depot where plaintiff was waiting to get on board as a passenger.

Between individuals the plaintiff could recover only actual damages. Something more is permitted, however, as against public carriers, by way of punishment for the neglect of a duty to travelers. It is the only mode of enforcing upon the associations or corporations the observance of the duty which was disregarded in this instance.    2 Redf., § 182.

Proof of the presence of plaintiff's grandchild would seem to have been improper, for the reason that she had a right of action in her own behalf, and a judgment in her favor would inflict double damages on the company if her presence with the plaintiff gave him an increased recovery.

This action is for damages to the plaintiff, and not his grand-daughter.

The character of the conductor was in no way involved in this case, and it would have no influence on the verdict.

The question in litigation was one of fact and intention; character of the conductor was too remote. Did, or did not, the company fulfill its obligations? If not, why not?

The other matters, however, to which exceptions were taken and assigned for error, would seem to be legitimate subjects of inquiry in every case of this character, not as conclusive, but as characterizing the transaction and aiding the jury in fixing the damages. No two cases are alike. Each is attended with more or less of circumstances to be considered in awarding damages. In some, damages should be greater, in others, less,

according to the attending facts and circumstances. Sedg., 533, *et seq.*, and notes.

The case at bar combines the twofold aspect of a breach of contract and the neglect of a public duty, but unattended by any circumstances of malice, insult, personal injury, damages to business, mental or physical suffering, or other grounds of punitive damages.

While in such a case more than actual damages may be awarded against common carriers, by way of punishment and protection to the public, the finding of the jury in this instance is excessive, and for this reason the judgment must be reversed.

Reversed and remanded.